

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

---

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

January 11, 2019

David R. Bungard
Assistant Federal Public Defender
300 Virginia Street East, Room 3400
Charleston, WV 25301

FILED
MAR - 4 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

      Re: United States v. Scott Edward Riggs
           Criminal No. 3:18-cr-00240 (USDC SDWV)

Dear Mr. Bungard:

    This will confirm our conversations with regard to your client, Scott Edward Riggs (hereinafter "Mr. Riggs"). As a result of these conversations, it is agreed by and between the United States and Mr. Riggs as follows:

    1. **PENDING CHARGES.** Mr. Riggs is charged in a two-count indictment as follows:

        (a) Count One charges Mr. Riggs with a violation of 18 U.S.C. § 2251(a) (production of child pornography); and

        (b) Count Two charges Mr. Riggs with a violation of 18 U.S.C. § 2252A(a)(2) (distribution of child pornography).

    2. **RESOLUTION OF CHARGES.** Mr. Riggs will plead guilty to Count Two of said indictment, which charges him with a violation of 18 U.S.C. § 2252A(a)(2). Following final disposition, the United States will move the Court to dismiss Count One in Criminal No. 3:18-cr-00240 as to Mr. Riggs.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Riggs will be exposed by virtue of this guilty plea is as

                                  _____
                                  Defendant's
                                  Initials

David R. Bungard
January 11, 2019                    Re: Scott Edward Riggs
Page 2

follows:

    (a) Imprisonment for a period of at least 5 and up to 20 years;

    (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of five years to life;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014 for offenses under Chapters 77, 109A, 110, 117 of Title 18, and 8 U.S.C. § 1324, where offense was committed on or after May 29, 2015 through September 30, 2019; and

    (e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4. **SPECIAL ASSESSMENT.** Mr. Riggs has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Riggs agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5. **RESTITUTION.** Mr. Riggs understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to Minor Female 1 in this case for full amount of her losses, if any. Mr. Riggs further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Riggs further agrees as follows:

    (a) Mr. Riggs agrees to fully assist the United States in identifying and locating any assets to be applied toward

                                                      Defendant's Initials

David R. Bungard
January 11, 2019                      Re: Scott Edward Riggs
Page 3

            restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

   (b)    Mr. Riggs will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

   (c)    Mr. Riggs agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

   (d)    Mr. Riggs agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

   (e)    Mr. Riggs agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution ordered to be paid to Minor Female 1 exceeds $10,000. However, nothing in this provision is intended to preclude the Court from ordering Mr. Riggs to pay a greater or lesser sum of restitution in accordance with law.

     6.    **ABANDONMENT OF PROPERTY.** Mr. Riggs hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him, that is, one (1) iPhone 4 model A1332, serial number 5K0352MJA4T, and one (1) iPhone

                                            _____
                                                 Defendant's
                                                 Initials

David R. Bungard
January 11, 2019　　　　　　　　　　Re: Scott Edward Riggs
Page 4

4 model A1349, serial number C38F67BDDDP7, and any other items or devices seized from defendant that may contain child pornography. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

　　　7.　　**PAYMENT OF MONETARY PENALTIES**. Mr. Riggs authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Riggs agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Riggs further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

　　　Mr. Riggs authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

　　　In addition to any payment ordered by the Court, Mr. Riggs shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

　　　Mr. Riggs agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Defendant's
　　　　　　　　　　　　　　　　　　　　　　　　Initials

David R. Bungard  
January 11, 2019                              Re: Scott Edward Riggs  
Page 5  

1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

  8. **COOPERATION.**  Mr. Riggs will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Riggs may have counsel present except when appearing before a grand jury.

  9. **USE IMMUNITY.**  Unless this agreement becomes void due to a violation of any of its terms by Mr. Riggs, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

  10. **LIMITATIONS ON IMMUNITY.**  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Riggs for any violations of federal or state laws.  The United States reserves the right to prosecute Mr. Riggs for perjury or false statement if such a situation should occur pursuant to this agreement.

  11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**  The United States and Mr. Riggs stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

  Mr. Riggs agrees that if he withdraws from this agreement, or

_____<br>Defendant's Initials

David R. Bungard
January 11, 2019                    Re: Scott Edward Riggs
Page 6

this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Riggs or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Riggs knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Riggs understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Riggs agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count Two of the Indictment:

USSG §2G2.2

Cross Reference to §2G2.1 per §2G2.2(c)

USSG §2G2.1

Base offense level                                         32

Minor Age 12-16                                          + 2

_____
                                                      Defendant's
                                                      Initials

David R. Bungard
January 11, 2019                                 Re: Scott Edward Riggs
Page 7

| | |
|---|---|
| Distribution | <u>+ 2</u> |
| Adjusted Offense Level | 36 |

The United States and Mr. Riggs acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK**. Mr. Riggs knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742. Mr. Riggs also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 2252A(a)(2)) is unconstitutional, and (2) Mr. Riggs's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of the 18 U.S.C. § 2252A(a)(2). Mr. Riggs may appeal the following:

(a) a sentence that exceeds the maximum penalty prescribed by statute; and

(b) a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make an "upward departure" or "upward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

The United State also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18


Defendant's
Initials

David R. Bungard  
January 11, 2019                          Re: Scott Edward Riggs  
Page 8

U.S.C. § 3742, except:

    (a)   a sentence that is below the minimum penalty, if any, prescribed by statute; and

    (b)   The United States may appeal a decision by the District Court, pursuant to the Sentencing Guidelines or 18 U.S.C. § 3553(a), to make a "downward departure" or "downward variance" from the total offense level calculated by the District Court or the guideline range corresponding to that level.

Mr. Riggs also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

    14.  **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Riggs knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

    15.  **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Riggs understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Riggs understands that the federal registration requirement and any state registration requirement

                                                           *SR*  
                                                            Defendant's  
                                                            Initials

David R. Bungard
January 11, 2019　　　　　　　　　　Re: Scott Edward Riggs
Page 9

may apply throughout his life. Mr. Riggs further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Riggs understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

　　　16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

　　　　　(a)　Inform the Probation Office and the Court of all relevant facts and conduct;

　　　　　(b)　Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

　　　　　(c)　Respond to questions raised by the Court;

　　　　　(d)　Correct inaccuracies or inadequacies in the presentence report;

　　　　　(e)　Respond to statements made to the Court by or on behalf of Mr. Riggs;

　　　　　(f)　Advise the Court concerning the nature and extent of Mr. Riggs's cooperation; and

　　　　　(g)　Address the Court regarding the issue of Mr. Riggs's acceptance of responsibility.

　　　17. **VOIDING OF AGREEMENT.** If either the United States or Mr. Riggs violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Defendant's
　　　　　　　　　　　　　　　　　　　　　　Initials

David R. Bungard
January 11, 2019                       Re: Scott Edward Riggs
Page 10

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Riggs in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Riggs in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                                   MICHAEL B. STUART
                                   United States Attorney

By: _____
                                   JENNIFER RADA HERRALD
                                   Assistant United States Attorney

                                                                         _____
                                                                         Defendant's
                                                                         Initials

David R. Bungard
January 11, 2019                              Re: Scott Edward Riggs
Page 11

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          _____
Scott Edward Riggs                                    1/31/19
Defendant                                              Date Signed

_____          _____
David R. Bungard                                       1/31/19
Counsel for Defendant                                  Date Signed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 3:18-00240

**SCOTT EDWARD RIGGS**

### STIPULATION OF FACTS

The United States and SCOTT EDWARD RIGGS (hereinafter "defendant") stipulate and agree that the facts comprising the offense of conviction (Count Two of the Indictment in the Southern District of West Virginia) and relevant conduct include the following:

In or around January 2018, at or near my residence in Huntington, Cabell County, West Virginia, I knowingly distributed several images of child pornography by uploading them to a foreign image hosting website via the Internet. The images of child pornography depicted a 13-year-old female (Minor Female 1) and included images depicting the lewd and lascivious exhibition of the minor's genitals and the minor touching her genitals. At the time I uploaded these images, I was aware that the foreign image hosting website would allow users from around the world to access, view, and download the images of Minor Female 1.

Prior to the time that I posted these images online, between approximately October 2017 and January 2018, I had surreptitiously used a hidden iPhone to make a video of Minor Female 1 as she undressed and showered in the bathroom of my residence. At the time I was aware that she was under the age of 18. After I recorded this video, I selected 26 still frames from within the video and posted them to the foreign image hosting website. At the time I produced these images, I was aware that some of these images involved the lewd and lascivious exhibition of the genitals of Minor Female 1 or depicted Minor Female 1 touching her genitals.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

**PLEA AGREEMENT EXHIBIT A**

Stipulated and agreed to:

_____   1/31/19
SCOTT EDWARD RIGGS            Date
Defendant

_____   1/31/19
DAVID R. BUNGARD              Date
Counsel for Defendant

_____   2-6-19
JENNIFER RADA HERRALD         Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
2